IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **VERONICA HERRERA,** | **COMPLAINT:** |
| **Plaintiff,** | |
| | 1. **INTERFERENCE IN VIOLATION OF THE FMLA;** |
| vs. | 2. **RETALIATION IN VIOLATION OF FMLA; AND,** |
| **DEFENDANT LAS CRUCES AUTOMOTIVE GROUP, INC.,** | 3. **RETALIATORY DISCHARGE.** |
| **Defendant.** | **JURY TRIAL DEMANDED.** |

**I.   Nature of The Action**.

1. Plaintiff Veronica Herrera worked for Defendant Las Cruces Automotive Group, Inc. for more than eleven (11) years as an Advisor/Estimator. During her eleven year career, Plaintiff Veronica Herrera was neither written up nor disciplined. Plaintiff Veronica Herrera applied for, and received, leave pursuant to the Family and Medical Leave Act ("FMLA"). On April 12, 2021, Plaintiff returned to work and was terminated. Days after being wrongfully terminated for taking FMLA leave, Plaintiff Veronica Herrera received a termination letter stating she had not shown up for work, had no contact with Defendant, and therefore was terminated. Exh. 1. Defendant created pretextual reasons seeking to justify the illegal termination. Defendant terminated Plaintiff for taking the FMLA leave, and then tried to conceal the illegal termination (and violations of the FMLA) by sending a false termination letter.

**II.   Parties**.

2. Plaintiff Veronica Herrera is a State of New Mexico citizen and resident, who lives in Dona Ana County.

3. Defendant Las Cruces Automotive Group, Inc. does business in Las Cruces, and the

State of New Mexico.

4.     Defendant Las Cruces Automotive Group, Inc. does business in Las Cruces as Bravo Chevrolet Cadillac.

5.     Defendant Las Cruces Automotive Group, Inc. is liable for the wrongful acts/omissions of its respective employees and/or agents through strict liability, vicarious liability, agency law, ratification, and/or *respondeat superior*.

### III.    Jurisdiction.

6.     Jurisdiction in this Court is proper because Defendant Las Cruces Automotive Group, Inc. conduct as herein alleged violates the FMLA, a federal law.

7.     This Complaint alleges numerous claims under federal law, including the FMLA.

8.     This Court has federal question jurisdiction.

9.     Pursuant to 28 U.S.C. section 1367, the Court also has supplemental jurisdiction over Plaintiff Veronica Herrera's common law claim, retaliatory discharge.

10.    The Court has personal jurisdiction over Defendant Las Cruces Automotive Group, Inc. because Defendant took the unlawful, discriminatory, retaliatory, and/or tortious acts herein alleged within this Judicial District and/or took wrongful acts that had effects in this Judicial District.

11.    Venue in this Court is proper because Defendant Las Cruces Automotive Group, Inc. engaged in the unlawful, discriminatory, retaliatory, and/or other tortious conduct in this Judicial District.

12.    As a proximate result of Defendant Las Cruces Automotive Group, Inc.'s wrongful conduct herein alleged, Plaintiff Veronica Herrera suffered damage including, but not limited to, economic and non-economic damages, lost pay, back and front pay, stress, worry, humiliation,

and/or emotional distress.

13. Defendant Las Cruces Automotive Group, Inc. is an employer under the FMLA.

14. Defendant Las Cruces Automotive Group, Inc. employs more than 100 employees.

15. Plaintiff Veronica Herrera was a full-time employee of Defendant Las Cruces Automotive Group, Inc.

16. At all relevant times herein alleged, Defendant Las Cruces Automotive Group, Inc. directed, controlled, and/or benefited from its respective employees' and/or agents' involvement in the conduct herein alleged.

**IV.     Factual Background To This Litigation**.

17. On or about January 4, 2010, Plaintiff Veronica Herrera was hired as an Advisor (Estimator).

18. Plaintiff Veronica Herrera worked for Defendant Las Cruces Automotive Group, Inc. for more than eleven years.

19. Plaintiff Veronica Herrera was not provided written discipline.

20. Plaintiff Veronica Herrera was not provided verbal discipline.

21. As of April 30, 2021, Plaintiff Veronica Herrera's employment file contained no written discipline.

22. Plaintiff Veronica Herrera informed her supervisor and Human Resources that her husband needed major surgery in December 2020.

23. Plaintiff Veronica Herrera's husband had been seriously injured and hospitalized.

24. Plaintiff Veronica Herrera requested FMLA leave.

25. Defendant Las Cruces Automotive Group, Inc. provided FMLA paperwork to

Plaintiff.

26. Plaintiff took a picture of one page of the FMLA documentation provided to her.

27. A true and accurate copy of the picture is filed as Exhibit 2.

28. Defendant Las Cruces Automotive Group, Inc. provided leave to Plaintiff pursuant to the FMLA.

29. Defendant Las Cruces Automotive Group, Inc.'s termination letter references Plaintiff Veronica Herrera's FMLA leave. Exh. 1 (termination letter).

30. A true and accurate copy of the termination letter is filed along with this Complaint as Exhibit 1.

31. Plaintiff Veronica Herrera called her supervisor, and requested a return date on April 12, 2021. Plaintiff explained to her supervisor she had been very sick and provided a physician's note.

32. Defendant did not object to Plaintiff returning on April 12, 2021.

33. Plaintiff Veronica Herrera tried to return to work on April 12, 2021.

34. On April 12, 2021, Defendant Las Cruces Automotive Group, Inc. did not allow Plaintiff Veronica Herrera to clock in.

35. When Plaintiff Veronica Herrera arrived at work on April 12, 2021, she discovered she had been terminated.

36. On April 12, 2021, Plaintiff Veronica Herrera's supervisor (Scott Tufte):

    a. prevented Plaintiff from clocking in;

    b. told Plaintiff that he cannot continue working with her;

    c. told Plaintiff he did not have an open position for her;

        d.      made a statement that his daughter had surgeries and he did not take FMLA leave;

        e.      made a statement that Plaintiff had been gone so long, its been "bad and no one's made any money"; and,

        f.      communicated that Plaintiff's position had been filled by Adriana.

37. In response to being terminated, Plaintiff indicated she was calling Dawn Jenson (human resources).

38. Plaintiff Veronica Herrera called Dawn Jenson.

39. On the call, Dawn Jenson indicated she had not received Plaintiff's FMLA forms.

40. Plaintiff Veronica Herrera pointed she had sent them in the intra-office mail.

41. Plaintiff Veronica Herrera also indicated she had a copy and could provide it if needed.

42. Dawn Jenson stated she would look around for the documents.

43. Dawn Jenson stated there was little she could do for Plaintiff.

44. Plaintiff Veronica Herrera went to the Ken Zwigart's office.

45. In fact, another employee Joe Maylander walked Plaintiff to the office.

46. Mr. Zwigart is the General Manager.

47. Mr. Zwigart was on the phone and therefore not available, so Plaintiff left a message to call her.

48. General Manager Ken Zwigart called Plaintiff on April 12, 2021.

49. On April 12, 20121, the General Manager Ken Zwigart:

        a.      told Plaintiff she had "too much stuff going on";

  b. told Plaintiff that she was not "loyal";

  c. made a statement Plaintiff had not been "committed" to Defendant.

  d. made a statement Defendant had worked with Plaintiff "enough";

  e. made a statement he did not think Defendant even had Plaintiff's FMLA paperwork;

  f. Defendant needed someone who was going to be committed and loyal; and,

  g. It would be best to part ways and Plaintiff needed to understand its (parting ways) what's best for business.

50. Plaintiff indicated she was loyal and committed.

51. On or about May 5, 2021, Plaintiff Veronica Herrera received a certified letter from Defendant Las Cruces Automotive Group, Inc. stating:

> Dear Veronica,
>
> This letter is to inform you that due to no contact we assume that you have terminated your employee relationship with Bravo Chevrolet Cadillac. You have been out longer than the 12 weeks under FMLA which began January 1, 2021.
>
> Please return uniforms to Scott at the Body Shop as soon as possible. You will receive Cobra letters under separate cover for your review if you wish to continue with all insurance coverages you currently have.
>
> Sincerely,
>
> Dawn Jensen
> Controller [Exh. 1.]

52. At the time of her termination, Plaintiff Veronica Herrera had never been written up.

53. Plaintiff Veronica Herrera was not terminated for misconduct.

54. Plaintiff Veronica Herrera was not terminated for poor performance.

55. According to Defendant's termination letter, Plaintiff was terminated "due to no contact[]."

56. According to Defendant's termination letter, Defendant assumed that Plaintiff terminated her employment with Defendant.

57. Defendant's termination letter provided no other reason for the termination.

58. Plaintiff Veronica Herrera was not terminated as part of a reduction in force.

59. Plaintiff Veronica Herrera was not terminated because her position was eliminated.

60. Upon returning to work, Defendant did offer Plaintiff her position back.

61. Upon returning to work, Defendant did offer Plaintiff an equivalent position.

62. Upon returning to work, Defendant did not offer Plaintiff a virtually identical to the Plaintiffs' former position in terms of the same or substantially similar duties and responsibilities.

63. Defendant offered Plaintiff no paid position.

### First Count: Interference In Violation of The FMLA Against Defendant Las Cruces Automotive Group, Inc.

64. Plaintiff Veronica Herrera re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

65. Plaintiff Veronica Herrera was entitled to, and did take, FMLA leave.

66. Plaintiff Veronica Herrera was an eligible employee under the FMLA.

67. Defendant Las Cruces Automotive Group, Inc. was an employer subject to the FMLA as it employs more than 50 employees for each working day during each of the 20 or more calendar workweeks in the current and/or preceding calendar year.

68. Plaintiff Veronica Herrera requested FMLA leave from Defendant Las Cruces

Automotive Group, Inc.

69. Dawn Jenson provided Plaintiff Veronica Herrera documentation regarding FMLA leave.

70. At the time Dawn Jenson provided Plaintiff Veronica Herrera documentation regarding FMLA leave, Dawn Jenson was an employee of Defendant Las Cruces Automotive Group, Inc.

71. Defendant Las Cruces Automotive Group, Inc. approved Plaintiff Veronica Herrera for FMLA Leave.

72. Defendant Las Cruces Automotive Group, Inc. terminated Plaintiff Veronica Herrera.

73. As herein alleged, Plaintiff Veronica Herrera was entitled to FMLA leave.

74. Defendant Las Cruces Automotive Group, Inc. took an adverse action against Plaintiff Veronica Herrera which interfered with her right to take FMLA leave.

75. Plaintiff Veronica Herrera's exercise of her FMLA rights caused Defendant Las Cruces Automotive Group, Inc. to terminate her.

76. Plaintiff Veronica Herrera was willfully terminated from her position because she took FMLA leave, Defendant terminated her for taking the leave, and Defendant tried to conceal the illegal termination by sending a false termination letter.

77. Defendant also knew the termination was illegal because it had a human resource department and the department (and therefore had notice of its FMLA obligations), human resources was involved in both the termination and the attempted concealment of the termination with a false termination letter.

78. The termination letter is factually false because Defendant Las Cruces Automotive

Group, Inc. knew Plaintiff Veronica Herrera appeared for work on April 12, 2021.

79. The termination letter is factual false because Plaintiff Veronica Herrera communicated with three different Defendant employees—Dawn Jenson, Scott Tuftle, and Ken Zwigart—regarding appearing for work on April 12, 2021 and then being terminated.

## Second Count:
## Retaliation In Violation of the FMLA

80. Plaintiff Veronica Herrera re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

81. During the relevant time herein alleged, Plaintiff Veronica Herrera was entitled to FMLA leave. Exh. 2.

82. As herein alleged, Plaintiff Veronica Herrera availed herself of a protected right under the FMLA.

83. Indeed, Plaintiff Veronica Herrera applied for FMLA leave.

84. Dawn Jenson provided FMLA paperwork to Plaintiff.

85. One document provided was the U.S. Department of Labor Wage and Hour Division Notice of Eligibility & Rights and Responsibilities under the Family and Medical Leave Act.

86. Plaintiff also was provided a certification form for FMLA.

87. Dawn Jenson filled out some of the FMLA paperwork.

88. Plaintiff Veronica Herrera was approved for FMLA leave.

89. Plaintiff Veronica Herrera took FMLA leave.

90. Defendant Las Cruces Automotive Group, Inc. terminated Plaintiff Veronica Herrera.

91. Plaintiff Veronica Herrera was willfully terminated because she took FMLA leave.

92. Defendant Las Cruces Automotive Group, Inc. terminated Plaintiff for taking the

leave and then tried to conceal the illegal termination by sending a false termination letter.

## Third Count:
## Retaliatory Discharge

93. Plaintiff Veronica Herrera re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

94. Plaintiff Veronica Herrera was discharged because she engaged in protected activity; that is, Plaintiff performed acts that New Mexico public policy authorizes and encourages (that is, applying for and taking FMLA leave).

95. Defendant Las Cruces Automotive Group, Inc. terminated Plaintiff Veronica Herrera because she engaged in protected activity.

96. Defendant Las Cruces Automotive Group, Inc.'s conduct was intentional, deliberate, willful, malicious, reckless and/or conducted in callous disregard of Plaintiff Veronica Herrera's rights, as herein alleged.

97. Defendant Las Cruces Automotive Group, Inc. knew Plaintiff Veronica Herrera engaged in protected activity.

98. Plaintiff Veronica Herrera protected activity caused her termination.

99. The termination caused Plaintiff Veronica Herrera to suffer damages, including economic and non-economic damages.

100. Defendant Las Cruces Automotive Group, Inc. provided a false (and pretextual) reason to Plaintiff Veronica Herrera for the termination.

101. Indeed, Defendant Las Cruces Automotive Group, Inc. created a false termination letter, as herein alleged.

**V.    JURY TRIAL DEMANDED**.

Plaintiff Veronica Herrera hereby respectfully requests and demands a jury trial for all issues so triable.

**VI.   PRAYER FOR RELIEF**.

Plaintiff Veronica Herrera respectfully prays for judgment against Defendant Las Cruces Automotive Group, Inc. respectively as follows:

1. For all Counts as allowable by law:

   a. judgment be entered in favor of Plaintiff Veronica Herrera individually against each Defendant sued respectively;

   b. judgment Defendant violated Plaintiff Veronica Herrera's statutory and common rights and did so willfully as herein alleged;

   c. economic and non-economic damages, in a sum according to proof at trial and as allowable by law;

   d. punitive damages and/or exemplary damages, in a sum according to proof at trial and as allowable by law;

   e. interest on judgment, including prejudgment interest and any other statutory interest, at the legal rate;

   f. any and all applicable statutory, civil penalties, and/or liquidated damages as allowable by law;

   g. prejudgment interest on any award of backpay;

   h. additional award to address any increased tax liability occasioned by a single-year lump sum award;

    i.      a declaratory judgment Defendant violated Plaintiff Veronica Herrera's right to be free from discrimination in the workplace;

    j.      an award to Plaintiff Veronica Herrera's for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish; front pay and back pay;

    k.      an award of reasonable attorneys' fees and costs;

    l.      injunctive relief:

        1.      ordering Defendant Las Cruces Automotive Group, Inc. to provide mandatory and meaningful training to all managers and employees regarding the FMLA;

        2.      ordering the verdict form be placed in Defendant's work place;

        3.      applicable interest;

        4.      prejudgment interest on any award of backpay;

        5.      additional award to address increased tax liability occasioned by lump sum award;

        6.      ordering a monitoring program to ensure Defendant Las Cruces Automotive Group, Inc. cease to engage in unlawful conduct as herein alleged and ensure Defendant Las Cruces Automotive Group, Inc. abide by this Court's mandate; and,

        7.      such other and further relief as the Court may deem proper.

2.      For Counts brought under the FMLA:

a. Any and all allowable remedies under the FMLA;

b. reasonable attorneys' fees, and costs;

c. liquidated damages;

d. prejudgment interest on any award of backpay;

e. additional backpay to compensate for any increased liability occasioned by a single-year lump sum award; and,

f. such other and further relief as the Court may deem proper.

Dated: May 10, 2021.              Respectfully submitted,

*By: Ben Furth*
Ben Furth (Bar No. 121402)
Benfurth64@yahoo.com
Paul Darby Hibner (Bar no. 145573)
Paul.hibner.work@gmail.com
THE FURTH LAW FIRM, P.A.
780 South Walnut N. 5
Las Cruces, New Mexico 88001
Telephone:    575-522-3996
Facsimile:     575-532-5815

*Counsel for Veronica Herrera*