**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**VERONICA HERRERA,**

     **Plaintiff,**

**v.**                                              **No. 21-cv-0438 MV/SMV**

**LAS CRUCES AUTOMOTIVE GROUP, INC.,**

     **Defendant.**

### ORDER ON PLANTIFF'S MOTION TO ADDRESS DEFENDANT'S DISCOVERY ABUSE

THIS MATTER is before me on Plaintiff's Motion to Address Defendant's Discovery Abuse (the "Motion"). [Doc. 75]. Defendant filed a Response [Doc. 79], and Plaintiff filed a Reply. [Doc. 80]. The Court heard oral argument on the Motion on July 29, 2022.

For the reasons stated on the record, I will grant the Motion in part and deny it in part. I will grant the Motion as it relates to Defendant's responses to Interrogatories 2, 3, and 4 and order Defendant to pay the costs and attorneys' fees associated with Dawn Jensen's deposition and Plaintiff's Motion. In addition, I will grant the Motion as it relates to Scott Tufte's deposition and permit Plaintiff to conduct a one-hour supplemental deposition of Mr. Tufte, with Plaintiff's costs and attorneys' fees borne by Defendant. The supplemental deposition will be limited to the questions Mr. Tufte did not answer on the ground they were speculative at the first deposition on September 27, 2021.

For the reasons stated on the record, I will deny the Motion as it relates to Defendant's employees' search for responsive documents, and alleged spoliation of Defendant's employee time-keeping records.

I will reserve ruling on Plaintiff's assertion that Defendant spoliated an electronic copy of the May 1, 2012, letter terminating Plaintiff's employment with Defendant (the "Electronic Termination Letter"). For the reasons stated on the record, I find that a forensic examination of Defendant's computers is warranted. *See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687–88 (S.D. Fla. 2012); *Henderson v. U.S. Bank, N.A.*, 2009 WL 1152019 (E.D.Wis. Apr. 29, 2009). In light of the potential intrusiveness of a forensic examination, I will employ the collection and review protocol outlined below. I will rule on Plaintiff's Motion as it relates to the Electronic Termination Letter after the forensic examination is complete.

As for the cost of the forensic examination, I am guided by *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 322 (S.D.N.Y. 2003). Other courts in this district have found *Zubulake* to be persuasive authority. *See Sowell-Albertson v. Thomas & Betts Corp.*, CIV 04-0760 RB/LFG [Doc. 83] (D.N.M. May 5, 2005); *Radian Asset Assurance Inc. v. College of the Christian Brothers et al.*, CIV 09-0885 JB/DJS [Doc. 183] (D.N.M. October 22, 2010); *Spilca v. Maryland Casualty Company*, CIV 13-0360 GBW/LFG [Doc. 72] (D.N.M. November 26, 2013). In *Zubulake*, the court applied a seven-factor test to determine apportionment of costs. The factors were:

1. The extent to which the request is specifically tailored to discover relevant information;
2. The availability of such information from other sources;
3. The total cost of production, compared to the amount in controversy;
4. The total cost of production, compared to the resources available to each party;
5. The relative ability of each party to control costs and its incentive to do so;
6. The importance of the issues at stake in the litigation; and
7. The relative benefits to the parties of obtaining the information.

*Zubalake*, 217 F.R.D. at 322. According to *Zubulake*, these factors are not to be treated equally: "When evaluating cost-shifting, the central question must be, does the request impose an 'undue burden or expense' on the responding party? Put another way, 'how important is the sought-after

2

evidence in comparison to the cost of production?'" *Id*. at 322–23. Thus, the first two factors carry greater weight, and the final factor carries the least. *Id*. at 323.

Having reviewed the *Zubulake* factors and being mindful that it was Defendant's failure (intentional or otherwise) to preserve the evidence that requires the examination, I find that, except for factor five, all the *Zubulake* factors weigh in favor of requiring Defendant to pay for the forensic examination. However, if the examination reveals no evidence of improper conduct on Defendant's part, I will entertain a motion to require Plaintiff to pay some portion of the costs associated with the examination. On the other hand, if the examination reveals that Defendant spoliated evidence related to the Electronic Termination Letter, or that any of Defendant's witnesses have testified untruthfully about it, I will order all those involved to show cause why they should not be sanctioned personally, and I will issue a Report and Recommendation recommending to the presiding judge that she (1) instruct the jury that the termination letter was, in fact, prepared prior to Plaintiff's return from FMLA leave, and (2) prohibit Defendant from introducing any evidence to the contrary. Moreover, any tampering with Defendant's computer systems between now and the examination may result in sanctions, up to and including default judgment.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion is GRANTED in part and DENIED in part, as follows:

1. Plaintiff's Motion for sanctions related to Defendant's responses to Interrogatories 2, 3, and 4 is **GRANTED**. Defendant must pay the costs and attorneys' fees associated with Ms. Jensen's deposition and Plaintiff's costs and attorneys' fees associated with the Motion. No later than **August 8, 2022**, Plaintiff must file on the record an affidavit for costs and fees associated

with Ms. Jensen's deposition and the Motion. Defendant must file on the record any objections to Plaintiff's affidavit no later than **August 15, 2022**.

2. Plaintiff's Motion for sanctions related to Defendant's employees' search for responsive documents is **DENIED**.

3. Plaintiff's Motion for sanctions related to Mr. Tufte's deposition is **GRANTED**. Plaintiff may conduct a one-hour supplemental deposition of Mr. Tufte. Questioning at the supplemental deposition is limited to the questions that Mr. Tufte did not answer at the September 27, 2021, deposition on the ground that they were speculative. Defendant must pay Plaintiff's costs and attorneys' fees associated with the supplemental deposition. No later than ten days after the supplemental deposition, Plaintiff must file on the record an affidavit for costs and fees associated with the supplemental deposition. Defendant must file on the record any objections to Plaintiff's affidavit no more than five days later.

4. Plaintiff's Motion as it relates to spoliation of Defendant's employee time-keeping records is **DENIED**.

**IT IS FURTHER ORDERED** that a forensic examination of Defendant's computers shall be conducted according to the following procedure:

1. The Court will appoint an independent computer expert (the "Expert").

2. The parties must meet and confer regarding designation of an independent computer expert. If the parties agree to an expert, they must submit the proposed expert's name and contact information to the Court by email to vidmarchambers@nmd.uscourts.gov no later than **August 8, 2022**. If the parties cannot agree, on or before **August 10, 2022**, each party must submit its recommendation to the Court, and the Court will select the Expert.

3. The Expert will serve as an Officer of the Court. Thus, to the extent that the Expert has direct or indirect access to information protected by attorney-client privilege, such disclosure will not result in any waiver of the Defendant's privilege.

4. The Expert will sign a confidentiality order agreed to by the parties. The parties must submit a stipulated confidentiality order to the Court by email to vidmarchambers@nmd.uscourts.gov no later than **August 12, 2022**. Additionally, the Expert may hire other support, if necessary. Any person providing support shall be required to sign the same confidentiality order.

5. The Expert will mirror image the Defendant's computer system. To the extent it is possible, the Expert must conduct his or her examination in a manner that minimizes the disruption to the operation of Defendant's business.

6. On or before **August 12, 2022**, the Plaintiff must provide a list of search terms to Defendant and the Court that are designed to identify files or data responsive to Plaintiff's request for the Electronic Termination Letter and documents or data related to it. After Plaintiff has submitted the search terms to the Court, Defendant will have 5 days to submit to the Court its objections to any of the search terms. After ruling on the objections, the Court will provide the search terms to the Expert.

7. Once the Expert has mirror imaged the necessary drives, the Expert will search the mirror image results using the search terms. The Expert will provide to Defendant and the Court an electronic copy of all documents and data identified using the search terms, as well as any evidence showing the dates that Defendant created or edited documents containing the search terms (the "Search Results").

8. The Defendant shall review the Search Results. Within 20 days of the date that the Defendant received the Search Results, the Defendant shall produce to the Plaintiff all non-privileged Search Results and a privilege log identifying any responsive documents not produced. Any privilege log must comply with the Local Rules for the District of New Mexico. *See* D.N.M.LR-Civ. 26.3(e). If no documents are withheld, the Defendant must so state in a cover letter to the produced documents.

9. Within 5 days of providing the Defendant and the Court with the Search Results, the Expert must provide a signed affidavit detailing the steps he or she took in mirror imaging the Defendant's computer system and searching the mirror image using the search terms.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**