# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**VERONICA HERRERA,**

    **Plaintiff,**

**v.**                                                                                          **No. 21-cv-0438 MV/SMV**

**LAS CRUCES AUTOMOTIVE GROUP, INC.,**

    **Defendant.**

### AMENDED[1] ORDER APPOINTING INDEPENDENT EXPERT AND ESTABLISHING A PROTOCOL FOR FORENSIC EXAMINATION

THIS MATTER is before the Court on the Court's Order on Plaintiff's Motion to Address Defendant's Discovery Abuse (the "Discovery Order"), [Doc. 113], and Defendant's Objections to Plaintiff's Proposed List of Search Terms for Computer System Examination. [Doc. 116]. In the Discovery Order, the Court ordered the parties to identify an expert to perform a forensic examination of Defendant's computer system and to submit a proposed confidentiality order governing disclosure of data or information related to the expert's examination. *Id*. Pursuant to the Discovery Order, the parties stipulated to appointment of Jared Trent, FTI Consulting, Inc., as the expert. The parties could not agree on the form of a confidentiality order. The Court will appoint Mr. Trent to conduct a forensic examination of Defendant's computer system according to the following protocol.

---

[1] Amendments to the original Order [Doc. 117] are shown in italics. The Court amended the Order after consultation with the Expert.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Jared Trent (the "Expert"),[2] FTI Consulting, Inc., 1301 McKinney St., Suite 3500, Houston, Texas 77010, is appointed to perform a forensic examination of Defendant's computer system as described herein.

1. The Expert will serve as an Officer of the Court. Thus, to the extent that the Expert has direct or indirect access to information protected by attorney-client privilege, such disclosure will not result in any waiver of Defendant's privilege.

2. Within ten business days of this Order, Defendant must make its computer system available to the Expert for mirror imaging and provide to the Expert all login and password information as necessary to complete the mirror imaging and searches required by this order.

3. Within seven business days of access to Defendant's computer system, the Expert will mirror image the Defendant's computer system and search the mirror image using the following search terms:

    1. "due to no contact"
    2. "terminated your employee relationship"
    3. "You have been out longer than the 12 weeks under FMLA which began January 1, 2021."
    4. "longer than the 12 weeks under FMLA"
    5. "Please return uniforms to Scott"
    6. The following words contained within the same document as the word "Veronica" or "Herrera":
        a. "no contact"
        b. "terminated"
        c. "termination"
        d. "COBRA"
        e. "abandon"
        f. "resign"

---

[2] This Order applies to the Expert and any person who may provide support to the Expert, including other staff at FTI Consulting, Inc.

4. The Expert's search will be limited to documents or files created or modified between December 1, 2020, and May 5, 2021, *and undated files or data containing the search terms*.

5. Defendant's Objections [Doc. 116] to Plaintiff's Proposed List of Search Terms for Computer System Examination are overruled to the extent they are inconsistent with this Order.

6. To the extent possible, the Expert must conduct his examination in a manner that minimizes the disruption to the operation of Defendant's business.

7. Within three business days after completing a search using the search terms, the Expert will provide to Defendant and the Court an electronic copy of all documents and data identified using the search terms, as well as any evidence showing the dates that Defendant created, edited, modified, and/or deleted documents containing the search terms (the "Search Results"). The Search Results[3] shall be emailed to Defendant's counsel at an address specified by Defendant and to the Court at vidmarchambers@nmd.uscourts.gov.

8. The Expert shall retain *two copies* of the mirror-image of Defendant's computer system and the Search Results. The Expert shall not release any documents, data, or information obtained pursuant to this protocol or the results of the examination except as expressly set forth in this Order, unless further ordered to do so by the Court. The

---

[3] Defendant must disclose the Search Results to Plaintiff as set forth in the Discovery Order. [Doc. 113] at 6.

   Expert's examination of Defendant's computer system will not waive any applicable privilege, objection, or other doctrine assuring the privacy and confidentiality of the information on the computer system. The Expert will maintain all information in the strictest confidence.

9. The Expert and any person assisting the Expert must sign a written assurance that they will keep confidential all information obtained through examination of Defendant's computer system. Defendant shall provide a copy of the following assurance to the Expert to sign before accessing Defendant's computer system:

> I, _____, have been given a copy of the Court's Order Appointing Independent Forensic Expert and Establishing a Protocol for Examination and have read and understand its terms. I further agree that I shall not disclose to others, except in accordance with the Court's Order Appointing Independent Forensic Expert, any data, information, or documents obtained through examination of Defendant's computer system. I further agree and attest to my understanding that, if I fail to abide by the terms of the Order Appointing Independent Forensic Expert, I may be subject to sanctions, including contempt of court.

10. Within five business days of providing the Defendant and the Court with the Search Results, the Expert must provide (1) a signed affidavit detailing the steps he took in mirror imaging the Defendant's computer system and searching the mirror image using the search terms, and (2) an invoice detailing the costs for the forensic examination. The signed affidavit and invoice must be emailed to Defendant's counsel at an address specified by Defendant and to the Court at vidmarchambers@nmd.uscourts.gov.

11.  Defendant will bear the costs of the forensic examination. *See* [Doc. 113] at 3.

*12. The Expert may communicate with the Court by email to vidmarchambers@nmd.uscourts.gov and at 575-528-1480, and with Defendant through Defense Counsel (Monica L. Perez, Mounce, Green, Myers, Safi, Paxson & Galatzan, P.O. Box 1977, El Paso, Texas 79999-1977, Phone: (915) 532-2000).*

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**